# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
### *Southern Division*

|  |  |  |
|---|---|---|
| **REHAB AT WORK, CORP.,** *et al.*, | * | |
| Appellants, | * | |
| v. | * | United States District Court |
|  |  | Case Nos.:   PWG-15-824 |
|  | * |                       PWG-15-835 |
| **MERRILL COHEN,** **CHAPTER 7 TRUSTEE FOR THE ESTATE OF RAMOND JOSEPH HOWAR, JR.,** *et al.*, | * | |
|  | * | |
| Appellees. | * | |

---------------------------------------------------------

| | | |
|---|---|---|
| **REHAB AT WORK, CORP.,** *et al.*, | * | |
| Appellants, | * | |
| v. | * | Adversary Proc. No. 13-181 |
| **MERRILL COHEN,** **CHAPTER 7 TRUSTEE FOR THE ESTATE OF RAMOND JOSEPH HOWAR, JR.,** *et al.*, | * | |
|  | * | |
| Appellees. | * | |

---------------------------------------------------------

| | | |
|---|---|---|
| In re:  **RAYMOND JOSEPH HOWAR, JR.** | * | Case No. 11-16614-WIL  Chapter 7 |
| Debtor. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION**

Appellees, the Chapter 7 trustee and the trustees of a trust in which debtor holds a future interest, have moved to dismiss this appeal from the denial of a motion to approve a settlement on the grounds that it constitutes an improper interlocutory appeal and appellants did not properly seek leave to appeal. Appellant creditors oppose the motion on the ground that the order appealed from is a "collateral order" and, in any event, that this is an appropriate case for an interlocutory appeal. Because I agree with the appellees, I grant the motions and dismiss the appeal.

I.  **FACTUAL AND PROCEDURAL BACKGROUND**

Debtor Raymond J. Howar, Jr., initiated a voluntary petition under Chapter 7 of the Bankruptcy Code on March 31, 2011 (the "Bankruptcy Case"), and Trustee Merrill Cohen was appointed trustee over the bankruptcy estate. *See* Bankr. Docket Nos. 1, 8, ECF No. 4-16 in Case No. 15-824. Among the assets scheduled by Debtor are: "9 Shares Rehab at Work Corp. Inc." ("RAW") of unknown value (the "RAW Stock"), Schedule B to Voluntary Chapter 7 Petition, ECF No. 4-2 in Case No. 15-824, various legal claims against Rehab at Work Corp. Inc. for unpaid profits and other unpaid compensation totaling over one million dollars (the "RAW Claims"), *id.*, and a remainder interest in "Debtor's father Trust Raymond J. Howar Estate, Additional Info: Legacy Trust," [*sic*] (the "Howar Trust"), *id.*

On January 14, 2015, the Trustee filed in the Bankruptcy Case and in Adversary Proceeding No. 13-181 (the "Adversary Proceeding" and, together with the Bankruptcy Case, the "Bankruptcy Cases") a Motion Pursuant to Rule 9019 for Approval of Compromise and Settlement of Montgomery County Litigation and Adversary Proceeding Against Rehab at Work, Corp., Howar Family Real Estate and Julie Howar; and for Approval Pursuant to 11 U.S.C.

§ 363(f) of Transfer of Raw Stock Free and Clear of Liens (the "Motion to Approve"), ECF No. 4-3 in Case No. 15-824; ECF No. 4-2 in Case No. 15-835. The Motion to Approve sought to settle both the Adversary Proceeding and a related case pending in the Circuit Court for Montgomery County (the "State Court Case"), relating to the RAW Claims. Mot. to Approve 2. According to the motion, trial in the Circuit Court for Montgomery County had been scheduled for January 12, 2015 (after initially being rescheduled), before the settlement had been reached. *Id.*

According to the terms of the proposed settlement, RAW would make cash payments totaling $500,000 over the next five years (with certain guarantees to the Estate should RAW default). *Id.* ¶¶ 2–4. In exchange, the Trustee agreed that the Estate would convey its RAW Stock to RAW, and its interest in the Howar Trust to Julie Howar.[1] The settlement agreement was contingent upon the approval of the Bankruptcy Court, and required Trustee promptly to file a motion seeking approval of the settlement, to be followed by supportive filings from RAW and Julie Howar, Settlement Agreement ¶¶ 11(i)–(ii), Mot. to Approve Ex. 1, ECF No. 4-3 in Case No. 15-824; ECF No. 4-2 in Case No. 15-835, which they filed, *see* Resp. by Julie Howar and Rehab at Work, Corp. in Support of Trustee's Mot. Pursuant to Rule 9019 for Approval of Compromise and Settlement of Montgomery County Litigation and Adversary Proceeding Against Rehab at Work, Corp., Howar Family Real Estate and Julie Howar; and for Approval Pursuant to 11 U.S.C. § 363(f) of Transfer of RAW Stock Free and Clear of Liens, ECF No. 4-7 in Case No. 15-824; ECF No. 4-5 in Case No. 15-835.

---

[1] Though not entirely clear from the record, it appears that Julie Howar is the Chief Executive Officer of RAW. *See Why Rehab at Work?*, Rehab at Work, http://www.rehabatwork.com/whyrehab.aspx (last visited May 13, 2015).

Objections to the settlement were filed by, *inter alia*, Debtor and the trustees of the Howar Trust (the "Howar Trust Trustees"), *see* Adversary Docket Nos. 47, 48, Notice of Appeal Ex., ECF No. 1-2 in Case No. 15-835; Bankr. Docket No. 352.  The primary basis for opposing the settlement was that the instrument establishing the Howar Trust contained a "spendthrift" provision that prevented Debtor for transferring his future interest in the Trust.  *See* Opp'n to Trustee's Mot. Pursuant to Rule 9019 for Approval of Compromise and Settlement of Montgomery County Litigation and Adversary Proceeding Against Rehab at Work, Corp., Howar Family Real Estate and Julie Howar; and for Approval Pursuant to 11 U.S.C. § 363(f) of Transfer of RAW Stock Free and Clear of Liens, ECF No. 4-3 in Case No. 15-835; Limited Objection of Trustees of Pamela H. Howar Marital Trust to Trustee's Mot. Pursuant to Rule 9019 for Approval of Compromise and Settlement of Montgomery County Litigation and Adversary Proceeding Against Rehab at Work, Corp., Howar Family Real Estate and Julie Howar, ECF No. 4-4 in Case No. 15-835.  An additional opposition was filed by Al Milanick, a creditor of Debtor and the brother of Julie Howar, *see* Trustee's Mot. to Dismiss Appeal and to Deny Leave to Appeal ("Trustee's Mot. to Dismiss") 3, ECF No. 2 in Case Nos . 15-824 and 15-835, raising several technical objections to the settlement, Objection to Proposed Settlement and Compromise, ECF No. 4-4 in Case No. 15-824.

In response, Appellants RAW and Julie Howar filed a supplemental response supporting the Motion to Approve.  Supp. Resp. by Julie Howar and Rehab at Work, Corp., to Trustee's Mot. Pursuant to Rule 9019 for Approval of Compromise and Settlement of Montgomery County Litigation and Adversary Proceeding Against Rehab at Work, Corp., Howar Family Real Estate and Julie Howar; and for Approval Pursuant to 11 U.S.C. § 363(f) of Transfer of RAW Stock Free and Clear of Liens ("Appellants' Supp. Resp."), ECF No. 4-11 in Case No. 15-824; ECF

No. 4-7 in Case No. 15-835.  In their Supplemental Response, Appellants contested the view that the Howar Trust's spendthrift provision prevented its transfer and stated their belief that

> the Trustee has the burden to defend the Settlement if for no other reason [than] that the Trustee made the unequivocal representation in the Settlement Agreement that "The Estate is one of five remainder beneficiaries of a trust created under the Will of Raymond Howar, Sr., for the benefit of Pamela Howar, as income beneficiary." []  However, the [Appellants] are informed that the Trustee will instead abandon the Settlement Agreement, or else seek to impose a unilateral change in the Settlement Agreement upon the Defendants.

Appellants' Supp. Resp. ¶ 2.  Appellants further requested that, if the bankruptcy court did not approve the settlement, it order the parties to return to mediation.  *Id.* ¶ 3.

On February 25, 2015, a hearing on the Motion to Approve was held before Bankruptcy Judge Wendelin I. Lipp.  Bankr. Docket 361; Adversary Docket 49.  At that hearing, Judge Lipp appears to have found both that the agreement put forward by the parties had been withdrawn and, in any event, that there was no meeting of the minds on the terms of a settlement.  Hr'g Tr., Trustee's Mot. to Dismiss Ex. A, ECF No. 2-1 in Case Nos. 15-824 and 15-835.  On March 2, 2015, Judge Lipp issued an order denying the Motion to Approve.  Order Denying Mot. to Approve Settlement, Notice of Appeal Ex., ECF No. 1-1 in Case Nos. 15-824 and 15-835.

On March 20, 2015, Appellants RAW and Julie Howar noticed an appeal both in the Bankruptcy Case, Notice of Appeal, ECF No. 1 in Case No. 15-824, and in the Adversary Proceeding, ECF No. 1 in Case No. 15-835.  Shortly thereafter on March 30, 2015, the Trustee filed a Motion to Dismiss on the ground that this is an improper interlocutory appeal and Appellants neither had sought nor had received—nor are entitled to receive—leave to appeal.  Trustee's Mot. to Dismiss, ECF No. 2 in Case Nos. 15-824 and 15-835.  That same day, the Howar Trust Trustees filed a Joinder in Trustee's Mot. to Dismiss Appeal and to Deny Leave to

Appeal, ECF No. 3 in Case Nos. 15-824 and 15-835. Appellants have filed their Opposition ("Appellants' Opp'n"), ECF No. 6 in Case Nos. 15-824 and 15-835. Although the Howar Trust Trustees have filed a brief reply, ECF No. 9 in Case Nos. 15-824 and 15-835, the Trustee has not filed a reply and his time to do so has passed, Fed. R. Bankr. P. 8013(a)(3)(B); Loc. R. 105.2. However, on May 4, 2015, the Trustee filed a Notification of Additional Supreme Court Authority Issued Today, ECF No. 8 in Case Nos. 15-824 and 15-835. Having reviewed the filings—and notwithstanding Trustee's request for a hearing, Appellee's Req. for Hr'g on Mot. to Dismiss Appeal, ECF No. 7 in Case Nos. 15-824 and 15-835—I find a hearing is not required. Fed. R. Bankr. P. 8013(c); Loc. R. 105.6.

## II.    STANDARD OF REVIEW

The jurisdiction of a district court to hear appeals from bankruptcy courts is conferred by 28 U.S.C. § 158(a), which provides:

> (a) The district courts of the United States shall have jurisdiction to hear appeals
> (1) from final judgments, orders, and decrees;
> (2) from interlocutory orders and decrees issued under section 1121(d) of title 11 increasing or reducing the time periods referred to in section 1121 of such title; and
> (3) with leave of the court, from other interlocutory orders and decrees[.]

28 U.S.C. § 158(a). "Thus, by statute, an appeal of right exists only from a final judgment, and any other appeal, *i.e.*, from an interlocutory order, may lie only upon obtaining leave of the court." *Kore Holdings, Inc. v. Rosen (In re Rood)*, 426 U.S. 538, 546 (D. Md. 2010).

In the context of a bankruptcy case, "the concept of finality . . . has traditionally been applied 'in a more pragmatic and less technical way in bankruptcy cases than in other situations.'" *A.H. Robins Co., Inc. v. Piccinin*, 788 F.2d 994, 1009 (4th Cir. 1986). As the Supreme Court recently explained,

6

> A bankruptcy case involves "an aggregation of individual controversies," many of which would exist as stand-alone lawsuits but for the bankrupt status of the debtor. Accordingly, "Congress has long provided that orders in bankruptcy cases may be immediately appealed if they finally dispose of discrete disputes within the larger case."

*Bullard v. Blue Hills Bank*, 135 S. Ct. 1686, 1692 (2015) (internal citations omitted). Under this more relaxed standard, a bankruptcy "order is final and appealable if it (i) finally determines or seriously affects a party's substantive rights, or (ii) will cause irreparable harm to the losing party or waste judicial resources if the appeal is deferred until the conclusion of the bankruptcy case." *Kore Holdings (In re Rood)*, 426 B.R. at 547.

### III. DISCUSSION

As a threshold issue, it is clear that the denial of a motion to approve a settlement is an interlocutory order. The denial of the motion "did not resolve the litigation. Indeed, it sustained the suit. It established neither liability nor damages." *Guyther v. Hebb (In re Hebb)*, 53 B.R. 1003, 1005 (D. Md. 1985). The adversary proceeding—and the State Court Case—both remain ongoing as a direct result of the bankruptcy court's decision, which "demonstrates that the order did not finally determine the substantive rights of the [parties] in the bankruptcy case, nor did it 'finally dispose of discrete disputes within the larger case.'" *Kore Holdings (In re Rood)*, 426 B.R. at 547. This conclusion is even clearer in the wake of *Bullard v. Blue Hills Bank*, which held that declining to confirm a plan under Chapter 13 of the Bankruptcy Code was not a final, appealable decision because it

> changes little. The automatic stay persists. The parties' rights and obligations remain unsettled. The trustee continues to collect funds from the debtor in anticipation of a different plan's eventual confirmation. The possibility of discharge lives on. 'Final' does not describe this state of affairs. An order denying confirmation does rule out the specific arrangement of relief embodied in a particular plan. But that alone does not make the denial final any more than,

7

say, a car buyer's declining to pay the sticker price is viewed as a 'final' purchasing decision by either the buyer or seller. 'It ain't over till it's over.'"

*Bullard*, 135 S. Ct. at 1093.

Appellants argue that the Fourth Circuit has recognized a more flexible approach than many other circuits in *McDow v. Dudley*, 662 F.3d 284 (4th Cir. 2011), which held that the denial of a motion to dismiss a Chapter 7 case as abusive under 11 U.S.C. § 707(b) was a final, appealable order even though the denial of a motion to dismiss typically is not considered final. However, *McDow* is not so broad as Appellants suggest: it found that a motion to dismiss under § 707(b) was unusual because it must be disposed of according to a strict schedule and its erroneous denial without immediate review would "'frustrate both principles of judicial economy and Congress's goal of ensuring that debtors allocate as much of their resources as possible toward repaying their debts.'" *McDow*, 662 F.3d at 290 (quoting *In re Rudler*, 576 F.3d 37, 43 (1st Cir. 2009). But—assuming that the holding in *McDow* remains valid after *Bullard*—its reasoning does not apply to any order that leaves an issue in a bankruptcy proceeding unresolved. To read *McDow* so broadly would allow the exception to swallow the rule. Without the settlement, the claims of the party may move forward as before. No liability has attached to any party, no debts have been discharged, and no money or property has been awarded to any party. As in *Bullard*, it may be that the specific settlement that the bankruptcy court declined to approve (because it found there was no meeting of the minds) may be foreclosed, but the potential for a settlement remains; the parties merely have been sent back to the drawing-board. The order of the bankruptcy court cannot be viewed as anything other than interlocutory.

Appellants also argue that their appeal falls into the "small class [of decisions] which finally determine claims of right separable from, and collateral to, rights asserted in the action,

8

too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated," recognized in *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546 (1949).  This class comprises those collateral orders that "conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and [are] effectively unreviewable on appeal from a final judgment."  *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468 (1978) (citations omitted); *see also Cobra Natural Res., LLC v. Fed Mine Safety & Health Review Comm'n*, 742 F.3d 82, 86 (4th Cir. 2014) (same).  But however important the "fruits of the Settlement Agreement" may be to Appellants, *see* Appellants' Opp'n ¶ 15.b, their argument squarely is foreclosed by *Digital Equipment Corp. v. Desktop Direct, Inc.*, in which the Supreme Court held that "an order denying effect to a settlement agreement does not come within the narrow ambit of collateral orders" recognized by *Cohen*.  *Digital Equipment*, 511 U.S. 863, 865 (1992).  To the contrary, "rights under private settlement agreements can be adequately vindicated on appeal from final judgment."  *Id.* at 869.

In the alternative, Appellants ask me to consider their improper Notice of Appeal as a motion for leave to appeal under 28 U.S.C. § 158(a)(3).  Whether to do so at all is a matter of my discretion.  *See Morgantown Excavators, Inc. v. Huntington Nat'l Bank (In re Morgantown Excavators, Inc.)*, 507 B.R. 126, 132 (N.D.W. Va. 2014).  But even were I to consider their notice of appeal as a request for leave to do so, I would not find it appropriate to grant leave.

The criteria for granting leave to appeal an interlocutory order are set forth in 28 U.S.C. § 1292(b):

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves [1] a controlling question of law [2] as to which there is substantial ground for difference of opinion and [3] that an immediate appeal from the order may

9

> materially advance the ultimate termination of the litigation, he shall so state in writing such order.

28 U.S.C. § 1292(b). I find that at least the first and third of these conditions are not met here.

There is no controlling question of law at issue because the bankruptcy court rested its denial of the Motion to Approve on the *factual* determination that the original settlement agreement was withdrawn and there was no deal to approve because there was no meeting of the minds. *See* Hr'g Tr. Though Appellants argue that the relevant controlling question of law is "whether the bankruptcy court may allow a Chapter 7 trustee to convey an interest in a debtor's spendthrift trust when the debtor owes claims for both child support and federal taxes," Appellants' Opp'n ¶ 17, they admit that the "court did not resolve that question one way or the other," *id.* Accordingly there is no decision on that issue to appeal and no controlling legal issue validly before me.

I also find that immediate appeal of the order denying settlement is unlikely to materially advance the ultimate termination of the litigation. Appellants argue that "if this Court were to reverse the bankruptcy court's denial of approval of the Settlement Agreement, the Circuit Court litigation would end." Appellants' Opp'n ¶ 20. Even assuming that this were true—that the result of a ruling in Appellants' favor would be the immediate approval of the settlement agreement and conclusion of the State Court Case, rather than remand for further proceedings—it disregards the fact that this case currently is set for trial to commence on June 22, 2015, slightly over one month from today. Docket, *Cohen v. Rehab at Work, Corp.*, No. 378975V (Md. Cir. Ct. Montgomery Cnty. filed July 11, 2013), *available at* http://casesearch.courts.state.md.us/casesearch/inquiryByCaseNum.jis. Accordingly, this represents the rare case in which an interlocutory appeal not only would not advance the termination of the litigation, but where the litigation, if left alone, is likely to terminate of its own

accord before the interlocutory appeal could be fully briefed and resolved. And the mere fact that Appellants would prefer the Settlement Agreement to the possibility of a trial is not a sufficient basis to grant leave to appeal. *See Digital Equipment*, 511 at 873. It is apparent that the most efficient way to resolve this case is to allow it to proceed to trial without further delay, and not to bring it to a halt in order to resolve this interlocutory appeal.

### IV.     CONCLUSION

For the aforementioned reasons, both of Appellants' appeals shall be DISMISSED, and the Clerk shall CLOSE both cases.

A separate Order follows.

Dated: <u>May 18, 2015</u>                                                                                  /S/
                                                                                            Paul W. Grimm
                                                                                            United States District Judge

dsy